In re Adoption of Taylor.

(No. 77 A 72—Decided December 13, 1977.)

Court of Common Pleas of Mahoning County, Probate Division.

*Mr. Robert S. McGeough,* for petitioner.
*Mr. W. Leo Keating,* for the natural father.

Henderson, J.  Douglas King Taylor filed his petition on July 6, 1977, to adopt his step-son, Michael Anthony Fogarty, aged six.  The natural father of the boy, Michael Fogarty, who was divorced from the boy's mother in 1972, objects to the adoption.  The petitioner and the boy's

mother were married August 9, 1975, when the boy was placed in the home of the petitioner.

The hearing was held in two parts: at the first session, at which the natural father and his counsel appeared along with the petitioner and the boy's mother, evidence of the father's conduct during the year prior to the filing was heard; and at the second session, at which the father did not appear in person or by counsel, evidence of the father's conduct during the year prior to the boy's placement, as well as evidence concerning the merits of the adoption was heard.

The mother testified that for one year prior to the boy's placement with the petitioner the father paid nothing to support his son even though he was under order of the domestic relations court to do so, and even though he was working in his family's restaurant most of the time. The father did communicate with the boy by occasional visitations during the period.

For one year prior to the date of the filing of the petition the natural father had paid nothing in support of his son, and, although he had moved to Washington D. C., had not visited him. During a substantial portion of this period, the father was in a mental hospital and half-way house and thereafter drove a taxicab with earnings barely above his expenses.

R .C. 3107.07 provides as follows:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner, whichever occurs first."

The statute provides that the natural father's consent is not required if he has failed without justifiable cause to

communicate with the minor *or* to provide for maintenance and support. It is the opinion of the Court that under R. C. 1.02(H), the sense of the statute requires the word "or" to be read "and," and that the father must both communicate and support to make his consent a requirement for the adoption. Otherwise, a father might fulfill his requirement under the statute by correspondence without furnishing a penny of support regardless of his ability to do so.

The statute further provides that the parent's failure must transpire for a period of at least one year immediately preceding the filing of the petition or the placement of the minor in the home of the petitioner, whichever occurs first. In this case, the natural father seems to have fulfilled his duties of communication during the one year immediately preceding the placement, but to have failed to provide for maintenance and support during the period. The only testimony in explanation of such failure was that of the mother which was that the father had been working during most of the period. Accordingly, the failure is found to have been without justifiable cause, and since this occurred first, it is unnecessary to decide whether there was an unjustified failure for the period preceding the filing of the petition.

Although not necessary in the resolution of this case, it seems pertinent to observe that the clause in the statute "whichever occurs first" may indeed prove a problem in a case where the parent has fulfilled his obligations of communication and support for the year prior to the placement but not for the year prior to the filing of the petition. If the clause pertains or refers to "the filing of the adoption petition or the placement of the minor in the home" then such parent, having fulfilled his obligations for the period before the placement (which almost always occurs first) would in effect make the child ineligible for adoption forever thereafter regardless of the father's subsequent communication and support or the lack of it. This would appear to be a most unreasonable result and one which the legislature could hardly have intended. Hence, the Court is constrained to conclude that "whichever occurs

first" must have been intended to refer to "the parent has failed," or to the *failure* during each of the two periods rather than to the periods themselves. This would mean, then, that a parent who has not failed to communicate or support for the one year before the placement but who has thereafter failed, for the first time, to do so for the one year before the filing of the petition has made his consent unnecessary. Perhaps the General Assembly will want to clarify this section of the Revised Code.

Since the adoption in this case otherwise appears to be in the best interest of the boy, the petition will be granted.

*Petition granted.*